# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**NANCY MORRISON**                                                                **PLAINTIFF**

**VS.**                                **CASE NO. 3:14CV00104 JTK**

**CAROLYN W. COLVIN, Acting Commissioner,**
    **Social Security Administration**                              **DEFENDANT**

## ORDER

Plaintiff, in her appeal of the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits (DIB) and Supplemental Security Income (SSI), contends the Administrative Law Judge (ALJ) erred in failing to consider her impairments in combination. A number of sub-arguments are included under the singular heading regarding the ALJ's failure to consider the combination of impairments. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on September 20, 2013. (Tr. 24-45).[1] The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

**History of the case:** Prior to addressing the plaintiff's point for reversal, it is helpful to

---

[1] The September administrative hearing was the second hearing in this case. The initial hearing was conducted on April 17, 2012. (Tr. 46-61). Following the first hearing, the ALJ ruled the plaintiff was disabled. (Tr. 70-76). The Appeals Council, however, vacated this ruling and remanded for further proceedings. (Tr. 78-82).

consider the history of this case. Following the initial hearing in this case, the ALJ found the plaintiff disabled, noting, among other things, her inability to reach less than occasionally and her need for excessive breaks from work activity. (Tr. 70-76). The Appeals Council, on November 13, 2012, characterized as "critical" the ALJ's findings regarding the plaintiff's inability to reach and her need for frequent breaks. The case was remanded with directions for the ALJ to further explore these two issues. (Tr. 78-82). A second hearing was conducted, and subsequently the ALJ issued a second opinion, in which he found the plaintiff capable of performing her past relevant work as a bench assembler and, therefore, not disabled. (Tr. 17).

**Failure of the ALJ to Consider a Combination of Impairments:** The ALJ found the plaintiff had the following severe impairments: arthralgia, fibromyalgia, panic disorder with agoraphobia, and depressive disorder. The ALJ considered the plaintiff's allegations regarding migraine headaches, Tourette's syndrome, syncope, hearing loss, and history of a mild stroke, concluding that these were all non-severe medical impairments. He further explicitly found she did not have an impairment *or combination of impairments* that would render her disabled under the Listings. The ALJ then evaluated her mental impairments under the "paragraph B" criteria, finding she had mild restrictions in activities of daily living, mild difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and no episodes of decompensation of extended duration. (Tr. 12-13). The plaintiff's argument concerning the combination of impairments is apparently a general claim that the ALJ should have found some of the non-severe impairments to be severe, or that the severe impairments were more debilitating than found by the ALJ. In either event, the plaintiff bears the burden of offering specific arguments for relief and supporting these claims. We find substantial evidence supports the ALJ's finding regarding a

combination of impairments. As a result, there is no merit to this claim.

The plaintiff advances other arguments.

Citing Medical Source Statements[2] executed by Dr. Roland Hollis, a treating physician, the plaintiff contends the ALJ erred in failing to give due deference to these statements. A treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with the other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted). The ALJ may discount or even disregard a treating physician's opinions if "other medical assessments are supported by better or more thorough medical evidence or where a treating physician renders inconsistent opinions that undermine the credibility of his opinion." *See Id.* (internal quotations omitted). The ALJ acknowledged and discussed the opinions of Dr. Hollis. Ultimately, the ALJ gave "limited weight" to these opinions, finding that the "significant restrictions noted by Dr. Hollis are not well-supported and are inconsistent with the other substantial evidence . . . and are not consistent with the claimant's reported activities of daily living." (Tr. 16). The ALJ also cited the findings of consultative examiners Drs. Patterson and Vowell, giving their opinions "significant evidentiary weight" and finding Dr. Patterson's opinion "thorough" and Dr. Vowell's opinion "based on a thorough evaluation and within his area of expertise." (Tr. 15-16). Our review of the record shows substantial evidence supports the ALJ's consideration of the treating physician's opinions. There is no merit to the plaintiff's argument in this regard.

The plaintiff also claims the ALJ should have accepted her subjective allegations concerning

---

[2] Dr. Hollis found significant limitations, including restrictions on plaintiff's ability to reach and finger, and opined the plaintiff's impairments would cause her to miss more than three work days a month. (Tr. 403, 409)

her Tourette's syndrome[3] and other impairments dealing with her hands and arms. The ALJ, however, engaged in a thorough analysis of the plaintiff's credibility, using the familiar *Polaski v. Heckler*, 739 F.3d 1320 (8th Cir. 1984), framework. The ALJ cited the objective medical evidence, the plaintiff's daily activities, and her medications and the alleged side effects in reaching his conclusion that the plaintiff's statements were "not entirely credible". (Tr. 15). We find no error in this regard, noting that the residual functional capacity (RFC) assessed by the ALJ credited the plaintiff's credibility to a degree. Thus, the ALJ took into account certain physical limitations, finding the plaintiff capable of no more than occasional crouching and kneeling, for example, and certain mental limitations, limiting the interpersonal contact, the complexity of the tasks, and the type of supervision needed by the plaintiff. (Tr. 14). The ALJ's RFC analysis is supported by substantial evidence. We are mindful that the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). In this instance, the RFC is supported by substantial evidence. It follows that the hypothetical questions, which embodied the RFC and credibility findings, posed to the vocational expert were proper.

The Appeals Council directed the ALJ to further examine the record, with an emphasis on the plaintiff's ability to reach and on her need for frequent breaks from work. We find the ALJ

---

[3] The ALJ noted there was no evidence of treatment to substantiate Tourette's syndrome. Plaintiff testified she was born with Tourette's syndrome and it had worsened over the years. (Tr. 35).

adequately addressed these concerns, and the ALJ's decision is supported by substantial evidence.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this 1st day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE